## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| PIERRE MCDANIEL, | § | |
| #2038719, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-278-L-BK |
| | § | |
| LORIE DAVIS, DIRECTOR, TDCJ-CID, | § | |
| RESPONDENT. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, Petitioner Pierre McDaniel's *pro se* letter seeking an extension of time to file a federal habeas petition under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for case management, including issuance of findings and a recommended disposition.   Upon review of the letter-motion and the applicable law, the request for extension of time should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

McDaniel requests an unspecified extension of time to file a federal habeas petition challenging his state court conviction in cause number F14-70734.  Doc. 3 at 1.  He states that: (1) the Texas Court of Criminal Appeals denied his state habeas application on January 15, 2020; (2) he "would like to proceed further with a 2254 petition"; (3) an institutional lockdown was recently lifted; and (3) he needs additional time to research the issues.  *Id.*  However, McDaniel's request is not accompanied by even a skeletal Section 2254 petition.

Federal courts lack jurisdiction to consider the timeliness of a Section 2254 petition until it is actually filed.  *See United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. Apr. 6,

2005) (per curiam) ("Before the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'" (quoting *United States v. Leon,* 203 F.3d 162, 163 (2d Cir. 2000) (per curiam))).  Thus, until McDaniel files a Section 2254 petition, there is neither an adverse party before the Court nor any dispute for the Court to decide.  *See, e.g., United States v. Bautista*, 548 F. App'x 254, 254 (5th Cir. 2013) (per curiam) (affirming denial of motion for extension of time to file a motion to vacate sentence under 28 U.S.C. § 2255 because the district court lacked jurisdiction to entertain the motion for extension of time); *see also Braz v. Thaler*, No. 3:11-CV-993-M-BK, 2011 WL 2314086, at *1  (N.D. Tex. May 20, 2011), recommendation accepted, 2011 WL 2312292, at *1 (N.D. Tex. Jun. 9, 2011) (dismissing for want of jurisdiction *pro se* motion for extension of time to file a Section 2254 petition).

Moreover, neither the Rules Governing Habeas Cases under Section 2254 nor the Federal Rules of Civil Procedure contemplate the filing of a motion for extension of time to file a federal habeas petition; the habeas corpus statute also does not authorize federal courts to prospectively extend, stop, or toll the one-year statute of limitations.  *See* 28 U.S.C. § 2254; 28 U.S.C. § 2244(d).  See also *see also Hardaway v. Davis*, 684 F. App'x 444, 448 (5th Cir. 2017) (a timely motion for extension of time, standing alone, does not toll the one-year limitations period for filing a federal habeas petition).

For the foregoing reasons, McDaniel's request for extension of time to file a habeas corpus petition under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** on February 24, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).