**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **PIERRE MCDANIEL,** § | |
| **PETITIONER,** § | |
| § | |
| V. § | **CIVIL CASE NO. 3:20-CV-278-L-BK** |
| § | |
| **DIRECTOR, TDCJ-CID,** § | |
| **RESPONDENT.** § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Pierre McDaniel's petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the habeas petition should be **DENIED**.

**I.   BACKGROUND**

In 2015, a jury found McDaniel guilty of compelling prostitution of a person under eighteen years of age, and the Court imposed a 20-year sentence. Doc. 6 at 2; *State v. McDaniel*, No. F-1470734-X (Crim. Dist. Ct., Dallas Cnty., Tex., Dec. 9, 2015), *aff'd*, No. 05-16-00391-CR, 2017 WL 3405183 (Tex. App.—Dallas Aug. 9, 2017, pet. ref'd). Subsequently, the Texas Court of Criminal Appeals denied state habeas relief without written order on the trial court's findings and its own independent review of the record. Doc. 20-20 at 1.

McDaniel then timely filed the federal habeas petition in this case, alleging ineffective assistance of trial counsel. Doc. 6 at 6. Respondent argues the claims lack merit. Doc. 21. McDaniel has filed a reply. Doc. 22.

Upon review, the Court concludes that McDaniel has failed to demonstrate that the state court's decision rejecting his ineffective-assistance claims resulted from an unreasonable determination of the facts or application of federal law.

## II.   ANALYSIS

### A. Standard of Review

A petitioner is not entitled to federal habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the state court's decision is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (quoting *Richter*, 562 U.S. at 102). Consequently, as long as "'fairminded jurists could disagree' on the correctness of the state court's decision," federal habeas relief should not be granted. *Richter*, 562 U.S. at 102 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Explained differently, "even if the federal court disagrees with the state court ruling, the federal court should not grant habeas relief unless the state court ruling was objectively unreasonable." *Wilson*, 641 F.3d at 100; *see Richter*, 562 U.S. at 101 ("an *unreasonable* application of federal law is different from an *incorrect* application of federal law") (quotations and quoted case omitted; emphasis in original).

In addition, the Court reviews a petitioner's claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### B. McDaniel's Ineffective Assistance Claims Fail

McDaniel asserts that his trial counsel rendered ineffective assistance in failing to (1) adequately investigate the case and the evidence and interview the victim D.W., and (2) object or move to suppress inadmissible recordings of telephone calls made at police headquarters between McDaniel and D.W.  Doc. 6 at 6; Doc. 12 at 3.  McDaniel maintains the tape recordings were "detrimental" and counsel should have attempted to suppress them or, at a minimum, "investigated and gathered the facts on how the phone calls were made."  Doc. 22 at 3-4.  He maintains the phone recordings were inadmissible because they were the "product of threats, duress, and coercion" by police officers.  Doc. 6 at 6; Doc. 12 at 3.  Specifically, McDaniel avers that because the officers threatened to take D.W.'s son away if she did not make the calls, she "'involuntarily consent[ed]' to the recordings."  Doc. 12 at 3.  In addition, he contends counsel was "unaware of [the threats and coercion] prior to the cross examination of [D.W.]," and as a result, "did not file a pretrial motion to suppress" the recordings.  Doc. 12 at 3-4; Doc. 12 at 4 ("Had defense counsel . . . conducted a proper investigation of [D.W.] and the evidence used, he would have discovered the illegal means law enforcement used to obtain the tapes; which would in turn have caused any competent attorney to file and pursue a motion to suppress for exclusion of the evidence.").

McDaniel cannot overcome the "relitigation bar" and, thus, is not entitled to relief on these claims.  Relying on trial counsel's affidavit, the state habeas court rejected McDaniel's claims of ineffective assistance of counsel.  Doc. 20-23 at 24.  The court found that counsel communicated with McDaniel's family members and potential witnesses, successfully sought an investigator who "fully investigated the case," devoted at least 30 hours preparing for trial, and

"was familiar with the facts of the case and the witnesses presented by the State." Doc. 20-23 at 23, 26. The court further concluded:

> 11. Applicant alleges that if his trial counsel would have interviewed the State's crucial witness, D.W., and evidence of phone calls between he and D.W., trial counsel would have learned that D.W. made the phone calls by the use of threats and coercion by law enforcement.
>
> 12. Applicant makes conclusory statements that D.W. made the phone calls under the duress of threats and coercion. Applicant provides no evidence that shows the calls were made as alleged. Therefore, Applicant has not met his burden of proof to prove what the investigation would have shown and how it would have benefitted the case. Applicant admits that D.W. appeared at trial as a State witness, and he makes no allegations that she testified against him under threats of coercion.
>
> 13. Applicant alleges that his trial counsel failed to object to or move for suppression of the taped phone calls that contained conversations between D.W. and himself.
>
> \*\*\*
>
> 15. As stated above, Applicant fails to prove that D.W.'s testimony and the taped phone calls were inadmissible or subject to a motion to suppress. Therefore, Applicant cannot show that the trial court would have committed harmful error by overruling trial counsel's objection.

Doc. 20-23 at 26-27.

As in the state court, McDaniel fails to present adequate factual support for his claims that trial counsel was ineffective for failing to investigate the case and to move to suppress the recorded conversation between McDaniel and D.W. To be sure, "counsel has a duty to make a reasonable investigation of defendant's case or to make a reasonable decision that a particular investigation is unnecessary." *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997) (citing *Strickland*, 466 U.S. at 691). However, allegations of a counsel's failure to investigate must state with specificity what the investigation "would have revealed and how it would have altered the outcome of the trial." *Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000). McDaniel plainly

fails to meet his burden. He does not allege, much less establish, how further investigation would have helped his defense and, ultimately changed the outcome of his trial—namely show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 668, 694. And his allegations are at best speculative and conclusory. *See, e.g.*, Doc. 22 at 3 ("Defense counsel doubled down on his ineffectiveness of not interviewing the witness prior to trial during the trial's cross-examination of [D.W.]."); Doc. 22 at 7-8 ("The trial transcripts/records petitioner provided in 11.07 Habeas Corpus as well as 2254 Habeas Corpus proceedings clearly and precisely support and prove petitioner's factual allegations of ineffective assistance of counsel by trial counsel."). Again, a "conclusory assertion is insufficient to show prejudice under . . . *Strickland*." *Mallard v. Cain*, 515 F.3d 379, 383 (5th Cir. 2008).

Conversely, the evidence at trial of McDaniel's guilt was overwhelming. *See McDaniel v. State*, 2017 WL 3405183, at *1 (summarizing evidence in direct appeal and noting that McDaniel "does not dispute he compelled seventeen-year old D.W. to commit prostitution"). On this record, McDaniel's mere mentions of the trial transcript as evidence of counsel's ineffectiveness is insufficient to establish deficient performance or prejudice.

McDaniel's complaints of counsel's failure to file a motion to suppress the recorded conversations between McDaniel and D.W., which he alleges were the product of threats by police officers toward D.W., Doc. 22 at 3-4, fares no better. He argues that he "was prejudiced by defense counsel's errors" and that he "would have had a very high chance of success" on a motion to suppress. Doc. 12 at 4. In support of his claim, McDaniel relies on the prosecutor's closing argument, which he contends emphasized the State's interpretation of the recordings. Doc. 12 at 4. As before, McDaniel's claim rests solely on speculation and assumes, without

legal authority, that he had standing to challenge the voluntariness of D.W.'s cooperation and consent to participate in a recorded conversation.

Moreover, McDaniel's argument ignores that evidence was presented at trial regarding the circumstances under which the recorded conversation was obtained. D.W. conceded on cross examination that at the time of the recordings, she was scared and police officers had threatened to take her child away and arrest her for prostitution. Doc. 20-5 at 98, 100. Moreover, Detective Bordelon disagreed with D.W.'s account of the events, and testified that the officers did not threaten D.W., but instead cautioned her that Child Protective Services might get involved. Doc. 20-5 at 169-70. Bordelon also testified that D.W. was willing to cooperate and make the phone calls. Doc. 20-5 at 153.

In sum, McDaniel fails to satisfy either *Strickland* prong. As such, he also fails to demonstrate that the state court unreasonably applied the *Strickland* standard or unreasonably determined the facts. Therefore, his ineffective-assistance claims were properly rejected by the state court.

### III.  CONCLUSION

For the foregoing reasons, McDaniel's petition for writ of habeas corpus should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on July 16, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).